UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICKY LEE LONG                                                                                          PETITIONER

V.                                                                            CIVIL ACTION NO.1:07CV68-SA-JAD

CHRISTOPHER EPPS, et al.                                                                       RESPONDENTS

REPORT AND RECOMMENDATION

Ricky Lee Long was convicted of burglary in the circuit court of Lee County, Mississippi. Because he was also found to be an habitual offender he was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections without possibility of parole. Having exhausted his state court remedies he has filed this habeas petition. The undersigned has reviewed the pleadings and record in this matter and makes the following report and recommendation to the court.

LIMITATIONS ON REVIEW

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. The petition must be timely filed.[1] Secondly, each claim in the petition must have been exhausted, 28 U.S.C § 2254(b)(1).[2] The claim

---

[1] There is no challenge to the timeliness of this petition.

[2] "An application of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies in the courts of the State." 28 U.S.C. § 2254((b)(1)(A). "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.), *cert. denied,* 516 U.S. 1050, 116 S.Ct. 115, 133 L. Ed. 2d 669 (1996) (citing *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed 2dd 379 (1982)). The doctrine

must have been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available the claim will be finally dismissed.[3]

Petitioners must also meet state procedural requirements in the handling of their cases in state courts. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. To avoid the bar of a procedural default, the petitioner must show 'cause and prejudice' or a 'fundamental miscarriage of justice.'[4]

If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights. The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal

---

serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts," and thus "serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, 455 U.S. at 518, 102 S. Ct. at 1204)) (citations omitted)).

[3] *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995).

[4] "Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, this court may not review the prisoner's habeas petition unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Moawad v Anderson*, 143 F.3d 942, 947(5th Cir. 1998) *citing  v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998). A "fundamental miscarriage of justice" is shown only where the petitioner can establish his factual innocence of the crime of conviction, by new reliable evidence not presented at trial. *Fairman v. Anderson,* 188 F.3d. 635, 644(5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).

courts may not correct errors of state law unless they also violate the constitutional rights of an accused.[5]

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if it the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389(2000). This statute presumes each factual finding by the state courts is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence.[6]

This petitioner's claims have been reviewed in light of the AEDPA's limitations.

---

[5] *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L.Ed.2d 78 (1981); *Engle v. Isaac,* 456 U.S. 107, 121, n. 21, 102 S.Ct. 1558, n. 21, 71 L.Ed.2d 783(1982); *Gilmore v. Taylor*, 508 U.S. 333, 113 S. Ct. 2112, 124 L.Ed.2d 306 (1993) (O'Connor, J. concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). *Id* at 348-9, 113 S. Ct at 2121.

[6] 28 U.S.C. § 2254(e)(1).

# SUMMARY OF THE RECORD

Bryan Henderson's home in Saltillo, Mississippi, was burglarized on August 20, 2002. A television, cassette player, CD player, camcorder, receiver, stereo speakers and jewelry were taken from the home. The Henderson's neighbor Billy Scott passed by the home earlier in the day. Scott saw three individuals loading items in a car parked in front of the Henderson home. The doors and trunk were open. When these individuals saw Scott they slammed the trunk and doors and sped away from the scene at a high rate of speed. Because they left in such a hurry, Scott wrote down a partial plate number. He gave the police a detailed description of the vehicle, a red Ford Taurus with one missing hubcap. He saw a black male, a black female in a red wig and a white male. Scott already knew the white male, Dustin Wright, because he stayed with his grandfather from time to time. The grandfather had a shop next door to the Hendersons. Scott identified Long at trial as the black male he saw in front of the Henderson home.

Wright was arrested and informed law enforcement that Long, whom he knew as Leon, and Long's girlfriend had assisted him in burglarizing the Henderson's home. Based on Wright's statement a search warrant was executed on Long's home. The electronics and some of the jewelry taken from the Henderson home was recovered. Long was arrested and he and Wright were indicted for the burglary.

Wright testified that he had broken into the Henderson's home by himself. He testified that he sold the stolen goods to Long. He did not tell Long they were stolen. Wright was impeached by the use of his signed statement given to police. In pertinent part the statement read, "I gave him a CD player and a disc player and some speakers and a TV that came from Bryan Henderson's house for the money I owed him. Leon goes in the house with me to get the TV and speakers, and I told

Leon after that we're straight. He said yes. Then Leon goes back in the house for a few seconds and comes out with black bags full of stuff. Then he leaves with a black lady in his car." He admitted giving the statement but claimed he was nervous and not in his right mind when initially questioned. Wright admitted that Scott had seen him and the other two get into the car and leave. He testified that Long paid him $100 to $ 150 for the electronics and jewelry.

Long called Christina Beeks to testify. She claimed she drove Long over to Wright's grandfather's place. She testified that the white boy (Wright) told her to ride around for a while because he was concerned about a nosy neighbor seeing them. She then parked her car in front of the shop next to the Henderson's home. Long and Wright loaded the TV and some other things in the car. She verified that she saw Scott at the scene. She testified that the goods loaded into the car were already outside hidden under a wheel barrow when she and Long arrived. She did say she saw the neighbor but when asked if they had not taken off when they saw the neighbor said she could not remember. She contradicted Wright's trial testimony when she indicated that Wright had not left with her and Long. She claimed Wright had given her the jewelry and that she did not like it so she had thrown it away in a dumpster. She couldn't remember the other pieces of electronics and though she had seen them and been given the jewelry she couldn't remember how many necklaces or earrings she had been given.

Long testified. Like Beeks he also testified to riding around because of the nosy neighbor walking around. Unlike Beeks he testified that after loading the goods in the car, Wright left with Long and Beeks. Long claimed he did not know Wright at all before this day. He had no idea any of the items were stolen even though they were hidden out in the yard. He paid Wright $160.00 for a tv, receiver, and speakers, a five-disc CD changer, dual cassette player, and stereo. He left work

5

to buy these items. He and Beeks contradicted one another about when during the sequence of events, Long had paid Wright.

Fifty-nine minutes after receiving the case the jury returned with a guilty verdict. In his petition, Long raises eight grounds for his appeal.

## USE OF DUSTIN WRIGHT'S STATEMENT

In Grounds One and Seven, Long complains of the use of Dustin Wright's prior statement to police. He complains that the state was allowed to improperly impeach Wright by the use of the statement and complains that it was admitted as substantive evidence against him. These grounds raise only issues of state evidentiary law. Even if this court were convinced that an error of state law was committed, it cannot disturb the verdict, because Long raises no substantial constitutional issue. However it appears that there is not even an error of state law. Wright, who recanted his statement to law enforcement only on the day before trial, was properly impeached by his prior inconsistent statement. Long's contention that the statement was not inconsistent with Wright's trial testimony was appropriately rejected by the trial judge. Additionally the jury's consideration was appropriately limited when they were instructed that the prior statement could only used for the purposes of determining Wright's credibility, and not as substantive evidence against Long. (R. Vol. 3, p. 161-62).

Neither Ground One or Seven provide any basis for habeas relief to Long.

## SUFFICIENCY OF THE EVIDENCE

In three grounds Long attacks the verdict and judgment of conviction as either against the overwhelming weight of the evidence or as not supported by legally sufficient evidence. In Ground Two, Long asserts, "The trial court erred by not granting a directed verdict at the closing of all the

evidence or a peremptory instruction and by not granting a judgment notwithstanding the verdict of the jury." Ground Three states, "The trial court erred in not granting a new trial." In Ground Eight Long claims, "The verdict of the jury was against the overwhelming weight of the evidence."

The court may examine the legal sufficiency of the evidence to support the verdict of guilty, though not the question of whether the evidence was against the overwhelming weight of the evidence. *Young v. Kemp*, 760 F.2d. 1097, 1105 (5th Cir 1985), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed2d 672 (1986). When faced with an insufficiency of evidence claim, a federal court on habeas review must remember both its limitation, *i.e.*, it may not "make its own subjective determination of guilt or innocence," *Jackson v. Virginia*, 443 U.S. 307, 320 n.13, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and its function: "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319 n.12 (citations omitted). The court is not at liberty to substitute its conclusions for those of the jury. Applying that standard, the court finds the record contains sufficient inculpatory evidence from which a rational trier of fact could have found Long guilty beyond a reasonable doubt.

Long's argument on this grounds is a patchwork of misrepresentations. Long claims that the only evidence connecting him to the burglary was the fact that a 'fraction' of the stolen goods were found in his possession after the burglary and that a black man that looked like him was seen outside of the Henderson's home the day of the burglary. As damning as this synopsis is, it is untrue. Long's testimony placed him in front of the Henderson's house on the day of the burglary. His testimony indicated the intent of all three individuals involved to avoid detection by Scott. When they were nevertheless seen by Scott is consistent, their flight raises an inference of guilt. All of the

7

electronics and part of the jewelry were found in Long's possession. Ample evidence supports the jury's verdict. Therefore, this claim should be denied as without merit.

## CIRCUMSTANTIAL EVIDENCE INSTRUCTION

Long complains in Ground Four and Ground Six that the trial court erred in not instructing the jury that the case was a circumstantial evidence case and required a higher standard of proof. These claims are procedurally barred because not presented to the trial court initially. § 99-39-21(1) Miss. Code Ann. The Mississippi Court of Appeals rejected this claim on procedural grounds. The Mississippi appellate courts routinely enforce their requirement that issues be presented first to the trial court or be barred from appellate consideration.

Long's claim may be considered notwithstanding the procedural bar by showing cause for the default in state court and that he has been prejudiced. He cannot show neither cause nor prejudice. As a general rule, jury instructions do not form a basis for habeas corpus relief. *Williams v. Lockhart*, 736 F.2d 1264, 1267 (5th Cir. 1984); *Tarpley v. Estelle*, 703 F.2d 157, 159 (5th Cir. 1983) *citing Cupp v. Naughten*, 414 U.S. 141, 147, 94 S. Ct. 396, 400, 38 L.Ed.2d 368, 373 (1973). Habeas corpus relief is available when a petitioner establishes that improper instructions caused a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Williams*, 736 F.2d at 1267(quoting *Brouillett v Wood*, 636 F. 2d 215, 218( 8th Cir. 1980)).

In Long's case there is not even an error of state law. Circumstantial evidence instructions are appropriate under Mississippi law only where all the proof is circumstantial. Where as in this case there is a mix of circumstantial and direct evidence, the instruction cannot be granted. *DePriest v. State*, 377 So. 2d 615 (Miss. 1979) ("Not being a wholly circumstantial evidence case the trial

court was correct in not giving a circumstantial evidence instruction that the defendant must be found guilty beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis." *Id*. at 617). Because this case included direct evidence as well as circumstantial evidence the instruction could not properly be given. There is no error impacting Long's constitutional rights.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Long asserts that he received ineffective assistance of counsel. To establish ineffective assistance of counsel at the state court level, Long must show, " (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense." *Pitts v. Anderson*, 122 F.3d 275 (5th Cir. 1997); *see Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.2d 674 (1984). The deficiency determination is not unguided. "A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689,104 S. Ct. at 2065. The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994); *quoting Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Conclusory allegations will not support a finding of constitutionally deficient assistance of counsel, *Collier v. Cockrell*, 300 F. 3d 577, 587 (5th Cir. 2002). If counsel's performance is deemed to have been deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different" *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997), or that counsel's performance renders the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott,* 62 F.3d 673, 685 (5th Cir. 1995). The petitioner must not just allege

9

prejudice, but must affirmatively prove prejudice. *Bonvillain v. Blackburn*, 780 F. 2d 1248, 1253 (5th Cir. 1986). Long failed to convince the Mississippi Supreme Court that he had established his claim. Because this claim has already been rejected by the highest court in the State of Mississippi, his burden is even more difficult before the court. He must not merely show that he suffered ineffective assistance of counsel but must convince this court that the Mississippi Supreme Court's decision to the contrary, was not merely erroneous, but unreasonable.

Long contends that his lawyer was deficient in three aspects of his representation. In Ground Five A, Long claims his attorney was ineffective in failing to request a circumstantial evidence instruction. As already discussed, this was not a purely circumstantial evidence case and therefore the instruction could not properly be given. The failure of Long's counsel to request an improper jury instruction is effective, not ineffective, assistance of counsel.

In Ground 5B, Long claims his counsel was ineffective in not objecting to the prior statement of Dustin Wright as hearsay. Long is complaining that his attorney did not make a meritless objection. Hearsay is an out of court statement offered as proof of the truth of the matters set forth in the statement. The state clearly was entitled to impeach Wright. The only avenue open to Long's attorney was to make sure Wright's statement was not admitted as proof of the truth of what Wright asserted in the statement, *i.e.,* that Long committed the burglary with Wright. Long's counsel sought and obtained a limiting instruction to the jury that the statement could be considered only in making a determination of Wright's credibility. He requested that the instruction limiting the admissibility be given contemporaneously with the testimony concerning the statement but the trial judge refused. Long's attorney handled this issue appropriately.

In Ground Five C, Long complains that his attorney should have requested a jury instruction allowing the jury to find Long guilty of receiving stolen property. The Mississippi Court of Appeals expressly addressed this issue on the direct appeal. The state court noted that such a jury instruction was inconsistent with the theory of defense. "His theory and defense were that the State did not prove its case, not that Long merely received stolen property. Therefore this was a proper trial strategy, either all or nothing-guilty or acquittal. We conclude that Long has failed to show that his trial counsel was ineffective." *Long v. State,* 934 So. 2d 313, 318 (Miss. App. 2006). The Mississippi court's finding that this was a proper trial strategy, not ineffective assistance of counsel does not represent an erroneous, much less unreasonable finding of facts on the record in this case, nor is it an unreasonable application of the law to the facts.

Additionally, on the record made at the trial, Long has not demonstrated prejudice. Even if it is assumed that his lawyer rendered constitutionally deficient conduct in pursuing this strategy, there is nothing in the record to indicate that the result would have been different if the lawyer had pursued a different tack. When a jury returns a verdict in a major felony in under an hour, they have not felt the need to agonize over whether the case has been proved. This jury clearly found the proof of Long's guilt very convincing.

The petitioner having failed to establish any grounds for relief, the undersigned recommends that the petition for habeas corpus be denied and dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten

days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 16th day of July, 2008.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE